UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MONTUE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 22cv0586 DMS (DEB)<br><br>**ORDER (1) DENYING MOTION TO TRANSFER, (2) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, (3) DISMISSING CLAIMS WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B), AND (4) GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

　　　　On March 18, 2022, Plaintiff John Montue, proceeding pro se, filed the present case in the United States District Court for the Eastern District of California.  In the Complaint, Plaintiff alleged he was subject to excessive force and unlawful arrest by unidentified members of the San Diego Sheriff's Department.  Plaintiff also filed a motion to proceed in forma pauperis ("IFP").  In a First Amended Complaint ("FAC") and amended motion to proceed IFP, Plaintiff realleged these claims and alleged additional claims, but did not name the San Diego Sheriff's Department as a Defendant.  Instead, Plaintiff named as Defendants the City of San Diego and three unnamed officers of the National City Police Department.

1

In response to the FAC, the court issued an order to show cause as to why this case should not be transferred to this Court pursuant to 28 U.S.C. § 1404(a).  Plaintiff was ordered to show cause within 21 days of that order being issued.  Those 21 days passed without any response from Plaintiff, and the court thereafter transferred the case to this Court, where it was assigned to the undersigned judge.

**Motion to Transfer Venue**

After the case was received in this Court, Plaintiff filed a "Motion Requesting Transfer Back to Eastern [District] Court of California."  (ECF No. 9.)  In that motion, Plaintiff acknowledges the factors that support venue in this District, but argues his case should be transferred back to the Eastern District because that is his chosen forum, and because he fears retaliation by Defendants if his case remains in this District.

Although Plaintiff's choice of forum is generally entitled to deference, several other factors support venue in this District, as explained in the Eastern District court's transfer order.  Most importantly, the events giving rise to Plaintiff's claims occurred in this District, and all of the Defendants are resident or employed in this District.  Therefore, the Court denies Plaintiff's motion to transfer his case back to the Eastern District.

With this ruling, the Court turns to Plaintiff's motion to proceed IFP, and the mandatory screening of Plaintiff's FAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**Motion to Proceed IFP**

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his assets, showing that he is unable to pay filing fees.  *See* 28 U.S.C. § 1915(a).  Plaintiff has submitted an affidavit which sufficiently shows that he lacks the financial resources to pay filing fees.  Accordingly, his motion to proceed IFP is granted.

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Id.* at 1130. The newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Here, Plaintiff alleges he was sitting on the ground unarmed when he was approached by several unidentified National City Police Department officers. Plaintiff alleges the officers stopped when they were about 12 feet away from him, and told Plaintiff to walk toward them. Plaintiff informed the officers that he could not walk because he was experiencing chest pain and numbness in his arm. Medical personnel then arrived on the scene, and Plaintiff was told to walk to the waiting ambulance. Plaintiff again explained he could not walk because of his medical condition. Plaintiff alleges the officers thereafter released their canine on him, resulting in a dog bite on his left leg, and that the officers punched him in the head repeatedly. Plaintiff was then forced to walk to the ambulance, and taken first to the hospital and then to jail. He claims he was thereafter charged with certain crimes, which were later dismissed. Plaintiff claims he was 62 years old at the time of this incident, and that he had been previously diagnosed with degenerative disc disease in his back. He alleges Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments, as well as his rights under the Americans with Disabilities Act.

To the extent Plaintiff alleges a claim against the City of San Diego, that claim is dismissed for failure to state a claim. Specifically, Plaintiff fails to allege how the City of San Diego was involved in the subject incident, and furthermore fails to allege any basis for liability against the City under 42 U.S.C. § 1983. *See Monell v. Dep't of Social Services of City of New York*, 436 U.S. 648 (1978). Accordingly, Plaintiff's § 1983 claims against the City of San Diego are dismissed.

As to the unidentified officers of the National City Police Department, who Plaintiff names as John Does 1 to 3, Plaintiff has stated a claim against them under § 1983. Specifically, Plaintiff has alleged these Defendants were acting under color of state law, i.e., in their capacity as National City Police Officers, and that they released their canine on him and punched him repeatedly in the head in violation of his rights under the Fourth, Eighth, and Fourteenth Amendments.

Turning to Plaintiff's ADA claim, it appears Plaintiff is attempting to allege a reasonable accommodation claim, which applies "where police 'fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees.'" *Bresaz v. County of Santa Clara*, 136 F.Supp.3d 1125, 1132 (N.D. Cal. 2015) (quoting *Sheehan v. City and Cnty. of San Francisco*, 793 F.3d 1009 (9th Cir. 2015)). To state such a claim,

> a plaintiff must allege that: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefit of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Id.* (citations omitted). Here, Plaintiff alleges he was diagnosed with degenerative disc disease in his lower back in 2003, but he fails to allege how that diagnosis rendered him disabled under the ADA. Accordingly, Plaintiff's ADA claim must be dismissed.

**Conclusion and Order**

In light of the above, IT IS HEREBY ORDERED:

1. Plaintiff § 1983 claim against Defendant City of San Diego is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

2. Plaintiff's claim under the ADA is also dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

3. Plaintiff is granted leave to file a Second Amended Complaint that cures the pleading deficiencies set out above. Plaintiff's Second Amended Complaint, should he elect to file one, must be filed no later than **January 11, 2023**. If Plaintiff does not file a Second Amended Complaint by that deadline, the Court will presume he wishes to proceed with his § 1983 claims against the Doe Defendants only.

Dated: December 16, 2022

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court